[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I.
The Statewide Grievance Committee (the Committee) brought the instant presentment, pursuant to Practice Book § 2-41[1], against the respondent, Stuart Rothenberg, as a result of his conviction for income tax evasion, in violation of 26 U.S.C. § 7201. Rothenberg pled guilty to a one count Information which alleged that during the 1994 calendar year he prepared and signed a false and fraudulent tax return which substantially under-reported his actual income.[2] Specifically, he failed to report income earned from rental properties in the sum of $85,290 for the three year period which had a total tax liability of $10,289.16. On April 24, 2000, Chief United States District Judge Covello sentenced Rothenberg to a two year period of probation, a $10,000 fine and a special assessment of $50.
The Committee has requested this court to impose a suspension for at least the term of the probation as the final discipline. In support thereof, the Committee refers to certain factors set forth in the American Bar Association's Standards for Lawyer Sanctions,[3] as well as to common law precedent. The respondent acknowledges that a suspension is the appropriate discipline, but argues that these standards and case law require a minimum suspension period.
The respondent argues that the conduct did not involve the representation of a client and that he has always represented his clients diligently and faithfully. Indeed, this court heard from nine witnesses who praised Rothenberg's professional skills, his integrity and his compassion. One other client submitted a letter and stated, inter alia, "I cannot say enough about this giving and fine attorney."
Rothenberg testified that his acts were stupid, he "felt rotten" and that this incident had torn his family apart. He testified that during CT Page 8951 this time period office records were stolen and when the records were compiled he paid the taxes. He also commented that the discipline imposed should have a semblance of proportionality. On cross examination, he could not answer whether he had notified the Massachusetts or New York Bar Associations of this conviction[4] because he turned this task over to his attorney. When asked about this issue a second time, he stated: "Let me repeat myself; I turned this over to my attorney." Finally, when asked whether he knew if his attorney had contacted the above mentioned associations, he responded in the negative.
The respondent also acknowledged that he received a reprimand in 1997 and while the substance was not addressed at the hearing, the respondent produced his father, who is also his law partner, as a witness to testify as to why he had not appealed. He indicated that his son wanted to appeal, but that he failed to file within the statutory time period.
 II.
"`An attorney as an officer of the court in the administration of justice, is continually accountable to it for the manner in which he exercises the privilege which has been accorded him. His admission is upon the implied condition that his continued enjoyment of the right conferred is dependent upon his remaining a fit and safe person to exercise it, so that when he, by misconduct in any capacity, discloses that he has become or is an unfit or unsafe person to be entrusted with the responsibilities and obligations of an attorney, his right to continue in the enjoyment of his professional privilege may and ought to be declared forfeited. . . . Therefore, [i]f a court disciplines an attorney, it does so not to mete out punishment to an offender, but [so] that the administration of justice may be safeguarded and the courts and the public protected from the misconduct or unfitness of those who are licensed to perform the important functions of the legal profession.'"Doe v. Statewide Grievance Committee, 240 Conn. 671, 684-85,694 A.2d 1218 (1997), quoting Massameno v. Statewide Grievance Committe,234 Conn. 539, 554-55, 663 A.2d 317 (1995).
As the duty violated is clear and there is no relevant evidence concerning Mr. Rothenberg's mental state at the time, this court must first focus on the aggravating factors of § 9.22 and the mitigating factors of § 9.32. In terms of aggravating factors, it is clear that there is one prior disciplinary action, there is evidence of a selfish motive and there is a pattern of misconduct and multiple offenses of under-reporting over a three year period. Having been an active member of the bar for fifteen years, Rothenberg surely has substantial experience in the practice of law. Finally, in his plea agreement, he stipulated that he "willfully subscribed and filed . . . three tax returns . . . CT Page 8952 knowing that each of the returns failed to report income he. received from the rental properties . . .
There is, however, evidence of mitigating factors including prompt restitution, a history of clear dedication and devotion to clients and a record of pro bono representation. While Rothenberg testified as to his remorse, his testimony left some ambiguity on this issue. Finally, while this conduct did not involve the practice of law, it must be remembered that in Statewide Grievance Committee v. Presnick, 18 Conn. App. 316,324, 559 A.2d 220 (1989), the Appellate Court held that "[i]t is firmly established that misconduct of an attorney, whether it be in the practice of the profession or in matters dehors the practice of law, justifies discipline, including exclusion from the bar." See also In re Peck,88 Conn. 447, 450-51, 91 A. 274 (1914).
The balancing of these factors is helpful, yet not dispositive of this analysis. In Statewide Grievance Committee v. Hochberg, Superior Court, judicial district of Hartford, Docket No. 575688 (July 12, 1999), this court addressed a fairly similar case in which the attorney was presented as a result of a federal conviction and still serving his term of probation. This court reviewed a number of decisions that imposed a suspension for the period of the probation and found that reinstatement while an attorney is serving his sentence is imprudent. Further, this court noted that in In re Culpepper, 770 F. Sup. 366, 373 (E.D. Mich. 1991), the court articulated that "[a]lthough the Court was impressed with Mr. Culpepper's testimony and sincerity concerning his contrition and rehabilitation, as well as the testimony of other witnesses at the hearing regarding his competence and learning in the law, the Court finds that his resumption to the practice of law before this Court before he has completed his term of parole on the sentence of incarceration . . . would be detrimental to the integrity and standing of the Federal Bar." That court further added, "[a]t a time such as the present when the ethics and practices of the legal profession are under intense public scrutiny and criticism, it seems to this Court inappropriate to reinstate to the practice of law an attorney who is still serving a sentence of incarceration imposed by this Court. . . . In this Court's view, it would be a disservice to the public, to the practicing bar and this Bench to effectively say that, although a person is legally disabled, by virtue of his criminal conviction status, from serving as a juror, it is acceptable for him to serve as an officer of this court." Id., 374.
Most recently in Statewide Grievance Committee v. Mercer-Falkoff, Superior Court, judicial district of New Haven, Docket No. 404805 (March 17, 2000, Silbert, J.), the court rendered a similar opinion and imposed suspension for the term of the federal sentence. There is no reason in this case to depart from this policy. CT Page 8953
Accordingly, Rothenberg shall be suspended for the period of his federal probation or until April 24, 2002. In addition to complying with the provisions of Practice Book § 2-53, Rothenberg shall also attend and successfully complete an approved course on legal ethics.